**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Alonzo, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>Travelers Personal Insurance Company,<br><br>         Defendant. | No. CV-24-08198-PCT-DJH<br><br>**ORDER** |

Before the Court is Robert Alonzo and Eleanor Alonzo's ("Plaintiffs") and Travelers Personal Insurance Company's ("Defendant") Joint Brief stating their positions on Plaintiffs' Motion to Compel Appraisal. (Doc. 29; Doc. 31). Plaintiffs filed their Motion to Compel Appraisal (Doc. 29) on January 17, 2025, and the Court issued an Order striking the Motion because it did not comply with the Court's discovery protocols. (Doc. 30). The parties have now jointly filed a brief on the dispute. (Doc. 31). For the reasons stated below, the Court finds that ordering an appraisal of all the damages Plaintiffs allege was caused by hail is premature.

**I.      Factual Background**

Plaintiffs allege the following facts in their Second Amended Complaint: Plaintiffs own a home located at 5511 W. Inscription Canyon Drive, Iron Springs, Arizona that is insured by Travelers Personal Insurance Company. (Doc. 16 at ¶ 1). On September 13, 2023, Plaintiffs' home sustained wind and hail damage. (*Id*. at ¶ 3). Plaintiffs then submitted a claim to Defendant under the insurance policy. (*Id.*) Defendant's claims

representative confirmed coverage for the interior of the residence and the HVAC unit, but not the roof or any roofing components. (*Id.* at ¶ 10, 11). Plaintiffs say that Defendant's representative "conducted a substandard investigation and failed to take into account the actual cost of the replacement of Plaintiffs' Property." (*Id*. ¶ 12). Plaintiffs say they were "forced to secure an independent property damage assessment" of the damaged property. (*Id*. ¶ 16). Plaintiffs then submitted their damage estimate and photographs to Defendant, which they say Defendant ignored. (*Id.* ¶ 17).

Plaintiffs characterize the dispute as a disagreement over the amount of loss to their property and want to invoke the appraisal provision in their insurance contract. (*Id.* ¶ 18). The pertinent part of the appraisal provision states:

> If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.

(*Id*. ¶ 5). Defendant has rejected Plaintiffs' "invocation of appraisal." (*Id*. ¶ 18). Defendant asserts that this dispute does not arise out of a disagreement over the "amount of loss," but instead, is purely a coverage issue. (Doc. 31 at 3). The real issue here, they argue, is one of what the policy covers, not the amount of loss. (*Id.*) Defendant states that Plaintiffs' roof and HVAC showed no signs of hail, and therefore, are not covered under the policy. (*Id.*) Alternatively, it argues that even if the appraisal provision applies in a pure coverage dispute, it is too early for the appraisal provision to kick in because Defendants have been denied access to the property and have not had a chance to estimate the costs to repair or replace the non-covered items. (*Id.*) Even in a pure coverage dispute, Defendants argue nothing can be done until Defendants have had a chance to inspect the property. (*Id.*) The Court agrees.

## II. Legal Standards

Arizona courts have held that "appraisal is analogous to arbitration" and the "principles of arbitration law" should be applied to proceedings involving appraisals. *Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369 (Ariz. Ct. App. 1995). The FAA

applies to appraisal provisions in insurance policies. *Ori v. Am. Family Mut. Ins. Co.*, CV–2005–697–PHX–ROS, 2005 WL 3079044, *2 (D. Ariz. Nov. 15, 2005). There is a "strong default presumption. . . that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). Under the FAA, arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The parties must submit a claim for appraisal on issues within the scope of the appraisal provision. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). Arizona courts have determined that an appraisal clause only allows the parties to determine the amount of damage through an appraisal and not to resolve questions of coverage through such a proceeding. *Hanson v. Commercial Union Ins. Co.*, 723 P.2d 101, 104 (Ariz. Ct. App. 1986). When the issue is whether a significant portion of the claim is covered by the policy, the issue is properly designated as one about the scope of coverage, not the amount of loss. *San Souci Apartments v. Nat'l Sur. Corp.*, No. CV-12-2389-PHX-GMS, 2013 WL 428091, at *2 (D. Ariz. Feb. 4, 2013).

### III. Discussion

While Plaintiffs and Defendant both agree that the property sustained damage, they disagree about the cause of that damage and the scope of the insurance policy in covering that damage. (Doc. 31 at 2–3). Plaintiffs assert that according to their independent appraisal company, the property sustained damage to the roof, HVAC unit, interior air conditioning unit, and the Plaintiffs' bedroom. (*Id.*) They argue this was all due to hail and have obtained an estimate of what it would cost to repair and replace all of Plaintiffs' damaged property. (*Id.*) Defendants, on the other hand, assert that the roof and HVAC damage have not been caused by hail, but another source. (*Id.*) The roof damage, they allege, is normal wear and tear, whereas the HVAC damage is the result of hail that predated the current hail damage. (*Id.*) Therefore, Defendants argue, the present dispute is one over coverage, not amount of loss.

The Court agrees with Defendant that presently this dispute arises over coverage

and is not yet a ripe disagreement over the monetary value of repairs. The dispute is therefore "not within the scope of the appraisal provision" and the motion to compel appraisal appears to be premature and will be denied. *San Souci Apartments v. Nat'l Sur. Corp.*, No. CV-12-2389-PHX-GMS, 2013 WL 428091, at *2 (D. Ariz. Feb. 4, 2013) (finding "[t]he issue of whether the roof tiles were damaged by the hail storm and whether the source of the damage is outside of the policy limits is not a dispute about the amount of loss that all parties agreed to be covered" and therefore was not within the scope of a nearly identical appraisal provision). Here, the dispute is not centered on the parties' differing repair valuations (yet), but over what is covered under the policy to begin with. The issue of whether the roof and HVAC unit were damaged by recent hail, or another source, is a dispute based on the scope of what the insurance policy covers. This conclusion is supported by Defendant's concern that it has not been allowed on the property to conduct its own replacement or repair estimate of non-covered items. Without a competing estimate, it is not clear that the parties disagree on the amount of loss, making Plaintiff's invocation of the appraisal provision premature.

Accordingly,

**IT IS ORDERED** denying as premature Plaintiffs' request that this Court compel Defendant to conduct an appraisal. (Doc. 29).

Dated this 21st day of February, 2025.

Honorable Diane J. Humetewa
United States District Judge